*330 OPINION.
Littleton :
Petitioner relies upon the determination of the Board in George M. Studebaker, 2 B. T. A. 1020. That case involved the right of beneficiaries under section 214 of the Revenue Act of 1921 to deduct from their individual net incomes an operating loss of the trust. The question whether the liquidation and distribution of an estate made might be regarded as an ojoeration of a trade or business regularly carried on was not involved. That case is not authority for the allowance of the claim made by the petitioner in this proceeding.
The will of the decedent is not before us and the facts show no more than that the estate was engaged in the liquidation of the property of the estate and payment of charges, etc., against the estate under the will. We think this was not the operation of a trade or business regularly carried on within the meaning of section 204 of the Revenue Act of 1921. This section provides:
(a) That as used in this section the term “net loss” means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) ; and when so resulting means the excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: (1) the gross income of the taxpayer for the taxable year, (2) the amount by which the interest received from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 214 or by paragraph (2) of subdivision (a) of section 234, (3) the amount by which the deductible losses not sustained in such trade or business exceed the taxable gains or profits not derived from such trade, or business, (4) amounts received as dividends and allowed as a deduction under paragraph (6) of subdivision (a) of section 234, and (5) so much of the depletion deduction allowed with respect to any mine, oil or gas well as is based upon discovery value in lieu of cost.
The mere holding of certain assets of the estate, the conversion oí some of them into cash, the receipt of rents and interest, and the payment of taxes, interest, expenses, and other charges against the estate pending distribution of the property and liquidation of the estate, can not be denominated as the “ operation of a trade or business regularly carried on.”
In J. J. Harrington, 1 B. T. A. 11, the Board stated:
The expression trade or business as used in section 204 of the 1921 Act with reference to net losses is more limited and restricted than the word trade as used in the 1913 Act or the expression trade or business as used in the 1917 Act. The statute provides that the loss, in order to be deductible as a net loss, must not only have been incurred from the operation of a trade or busi *331 ness, but from a trade or business regularly carried on. A trade or business regularly carried on must be beld to mean a vocation and not occasional or isolated transactions.
See, also, H. J. Schlesinger, 5 B. T. A. 943.
We are of opinion that upon the facts in this proceeding the Commissioner correctly refused to permit the deduction of the loss of 1921 from income for 1922.
Reviewed by the Board.

Judgment will be entered for the respondent.